IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PEDRO FELIPE URIBE ALVARADO,<br>Plaintiff,<br><br>v.<br><br>CITY OF BERWYN, OFFICER RAUL PEREZ, JR., OFFICER JOSEPH CRUDO, OFFICER VINCENT SHELTON, and OFFICER HUMBERTO ZAMUDIO,<br><br>Defendants. | Case No:<br><br>Judge:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES PLAINTIFF PEDRO FELIPE URIBE ALVARADO ("PLAINTIFF"), by and through his attorneys at First Defense Legal Aid, with this Complaint against Defendants CITY OF BERWYN and BERWYN POLICE OFFICERS RAUL PEREZ, JR., JOSEPH CRUDO, VINCENT SHELTON, and HUMBERTO ZAMUDIO, (collectively, "DEFENDANTS"), and in support thereof states:

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. § 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States.

2. On November 29, 2022, PEDRO FELIPE URIBE ALVARADO, was arrested by BERWYN POLICE OFFICERS RAUL PEREZ, JR., JOSEPH CRUDO, VINCENT

SHELTON, and HUMBERTO ZAMUDIO, (collectively, "DEFENDANT OFFICERS")

following a traffic stop.

3. DEFENDANT OFFICERS arrested PLAINTIFF without lawful justification or probable

cause.

4. PLAINTIFF was taken to the station; officers were rude to him and held him for several

hours before releasing him.

5. PLAINTIFF suffered unnecessary humiliation, distress, financial loss, and

inconvenience as a result of DEFENDANT OFFICERS' actions and PLAINTIFF now

seeks justice.

## JURISDICTION AND VENUE

6. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C.

§1983; the Judicial Code, 28 U.S.C. § 1331 and §1343(a); and the Constitution of the

United States. Further, this Court has supplemental jurisdiction under 28 U.S.C. §

1367(a) over claims arising under Illinois state law.

7. Venue is appropriate under 28 U.S.C. § 1391(b), as, upon information and belief, all

DEFENDANTS reside in this judicial district. In addition, a substantial part of the

events giving rise to this claim occurred in this judicial district.

## PARTIES

8. PLAINTIFF PEDRO FELIPE URIBE ALVARADO ("PLAINTIFF," or "URIBE") is a Colombian national who at all times mentioned herein resided in the Northern District of Illinois.

9. DEFENDANT CITY OF BERWYN ("DEFENDANT CITY") is, and at all times mentioned herein was, a municipality organized and operating under the statutes of the State of Illinois. It is authorized under the statutes of the State of Illinois to maintain the Berwyn Police Department, which acts as the City's agent in the areas of municipal law enforcement, and for which the City is ultimately responsible. DEFENDANT CITY was, at all times material to this Complaint, the employer and principal of the DEFENDANT OFFICERS.

10. DEFENDANT OFFICER RAUL PEREZ, JR. was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF BERWYN, which was and is his principal employer.

11. DEFENDANT OFFICER JOSEPH CRUDO was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF BERWYN, which was and is his principal employer.

12. DEFENDANT OFFICER VINCENT SHELTON was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF BERWYN, which was and is his principal employer.

13. DEFENDANT OFFICER HUMBERTO ZAMUDIO was at all times relevant to this Complaint a duly appointed and sworn law enforcement officer of the CITY OF BERWYN, which was and is his principal employer.

14. At all times relevant herein, DEFENDANT OFFICERS were acting in the scope of their employment and under color of state law.

15. DEFENDANT OFFICERS are sued in their individual capacity.

## FACTS

16. On the afternoon of November 29, 2022, PLAINTIFF was driving with his wife and friend to pick up his daughter from daycare.

17. PLAINTIFF is a native of Colombia, and at the time of this incident understood very little English and spoke only Spanish.

18. At the intersection of Ridgeland Avenue and 24th Street in Berwyn, Illinois, PLAINTIFF complied when DEFENDANT OFFICERS instructed him to pull over.

19. PLAINTIFF provided his valid Colombian driver's license to DEFENDANT OFFICERS.

20. At this point, and at every point in the course of the interaction on the street, DEFENDANT OFFICERS spoke to PLAINTIFF in English.

21. PLAINTIFF did not speak English on November 29, 2022.

22. After taking his driver's license back to their squad car for several minutes, DEFENDANT OFFICERS ordered PLAINTIFF out of his vehicle and searched him and placed him in handcuffs.

23. PLAINTIFF attempted to explain he didn't understand English, but Officers made no effort to call a Spanish speaking colleague and did not take any steps to ensure they could communicate with him.

24. DEFENDANT OFFICERS also did not examine additional documentation PLAINTIFF attempted to provide them.

25. DEFENDANT OFFICERS then arrested PLAINTIFF for No Valid Driver's License, 624 ILCS 5/6-101.

26. At no time during PLAINTIFF's interaction with DEFENDANT OFFICERS did anyone explain the reason for his arrest or communicate with him in Spanish.

27. Under the Illinois Vehicle Code, a nonresident who becomes a resident is allowed to drive on a foreign driver's license for the first 90 days of residence in Illinois. 625 ILCS 5/6-102.

28. PLAINTIFF's arrest for No Valid Driver's License, 625 ILCS 5/6-101, on November 29, 2022 was within 90 days of his first arrival in Illinois.

29. PLAINTIFF was a resident of Illinois on November 29, 2022.

30. PLAINTIFF's vehicle was impounded despite the presence of his passengers who could have taken possession of it.

31. PLAINTIFF was also cited for Failure to Wear a Seatbelt (Rear Passenger), 625 ILCS 5/12-603.1.

32. Every person in the vehicle was wearing seat belts.

33. At the police station, PLAINTIFF was taunted for not speaking English.

34. After being held in a cell at the police station for about an hour, a Spanish-speaking officer came to explain to PLAINTIFF that he had been arrested for driving without a valid driver's license.

35. PLAINTIFF attempted to explain to the Spanish-speaking officer in the cell that his driver's license was valid under the law but his explanation was not accepted, and DEFENDANT OFFICERS persisted with the arrest and commencement of charges.

36. PLAINTIFF was released on a $250 I-bond later that day, and was given instructions for his court date on December 28, 2022 at the Maywood Courthouse.

37. PLAINTIFF was issued two citations for No Valid Driver's License, 625 ILCS 5/6-101 (Berwyn Ticket Number YN-517-449) and Failure to Wear a Seatbelt (Rear Passenger) 625 ILCS 5/12-603.1 (Berwyn Ticket Number YN-517-450).

38. As noted, PLAINTIFF's license was valid and lawful, and his passengers were all wearing seatbelts at the time of the stop.

39. In fact, PLAINTIFF was able to retrieve his impounded vehicle using the same valid Colombian license three days later.

40. PLAINTIFF went to court on December 28, 2022, and all citations were dismissed when PLAINTIFF presented the Court with documentation of his valid licensure.

41. PLAINTIFF was without his impounded vehicle for three days, which negatively impacted his ability to take his daughter to daycare and conduct other daily tasks.

42. PLAINTIFF suffered financial loss as he was forced to borrow money and get rides from friends and family during this time.

43. As a direct and proximate cause of the acts and omissions of DEFENDANT OFFICERS in arresting PLAINTIFF without probable cause or lawful justification, and wrongfully impounding his vehicle, PLAINTIFF suffered damages, including but not limited to physical and emotional distress, financial loss, inconvenience, anguish, humiliation, and loss of property.

### COUNT I: 42 U.S.C. § 1983 – FALSE ARREST
**Against DEFENDANT OFFICERS**
**(Federal Claim)**

44. PLAINTIFF realleges paragraphs 1-43 as though fully set forth herein.

45. The actions of DEFENDANT OFFICERS described above, in which they seized and arrested PLAINTIFF without probable cause, violated PLAINTIFF's Fourth Amendment right to be free from unreasonable searches and seizures.

46. It is objectively unreasonable to arrest a person for the offense of driving without a valid license when they were in fact driving with a valid license.

47. DEFENDANT OFFICERS' actions were undertaken willfully and wantonly and with malice, willfulness, and reckless indifference and/or conscious disregard of PLAINTIFF's rights.

48. DEFENDANTS' actions described in this Count directly and proximately caused PLAINTIFF's injuries, including loss of liberty, emotional distress, financial loss, humiliation, anguish and loss of property.

WHEREFORE, PLAINTIFF PEDRO FELIPE URIBE ALVARADO, demands judgment against DEFENDANT BERWYN POLICE OFFICERS RAUL PEREZ, JR., JOSEPH CRUDO,

7

VINCENT SHELTON, and HUMBERTO ZAMUDIO, for compensatory and punitive damages,

the costs of this action, attorneys' fees, and for any other relief this Honorable Court deems

equitable and just.

<u>COUNT II: 42 U.S.C. § 1983 – WRONGFUL SEIZURE OF PROPERTY</u>
**Against DEFENDANT OFFICERS**
**(Federal Claim)**

49. PLAINTIFF realleges paragraphs 1–43 as though fully set forth herein.

50. DEFENDANT OFFICERS' actions described above, whereby they seized PLAINTIFF's

    vehicle, without probable cause or lawful justification, violated PLAINTIFF's Fourth

    Amendment right to be free from unlawful searches and seizures.

51. DEFENDANT OFFICERS did not have reasonable suspicion or probable cause to

    believe that PLAINTIFF had committed, was committing or was about to commit any

    offense for which impoundment of a vehicle was lawful.

52. DEFENDANT OFFICERS' failure to acknowledge the validity of PLAINTIFF's foreign

    driver's license was objectively unreasonable.

53. The actions of the DEFENDANT OFFICERS were willful and wanton and were

    undertaken with malice, willfulness, and reckless indifference and/or conscious

    disregard of PLAINTIFF's rights.

54. DEFENDANTS' actions described in this Count directly and proximately caused

    PLAINTIFF's injuries, including loss of liberty, emotional distress, financial loss,

    humiliation, anguish and loss of property.

WHEREFORE, PLAINTIFF PEDRO FELIPE URIBE ALVARADO, demands judgment against DEFENDANT, BERWYN POLICE OFFICERS RAUL PEREZ, JR., JOSEPH CRUDO, VINCENT SHELTON, and HUMBERTO ZAMUDIO, for compensatory and punitive damages, the costs of this action, attorneys' fees, and any other relief this Honorable Court deems equitable and just.

COUNT III: MALICIOUS PROSECUTION
Against DEFENDANT OFFICERS
(State Law Claim)

55. PLAINTIFF realleges paragraphs 1-43 as though fully set forth herein.

56. DEFENDANT OFFICERS commenced the prosecution by completing and referring the complaint following Plaintiff's arrest to relevant prosecutorial authorities.

57. This action of commencing the prosecution forced PLAINTIFF to defend in Court against the violations of law he was alleged to have committed.

58. DEFENDANT OFFICERS arrested PLAINTIFF without probable cause in that his license was valid and lawful to use in Illinois on the date of his arrest.

59. DEFENDANT OFFICERS acted with malice, as evidenced by their mockery of his lack of English language ability at the police station, their refusal to release the vehicle to another passenger present on the street, the absence of probable cause for the arrest, and their refusal to call a Spanish-speaking colleague, among other factors.

60. The criminal charges against PLAINTIFF were disposed of favorably by dismissal in a manner indicative of his innocence on December 28, 2023.

61. PLAINTIFF suffered damages from his prosecution, including having to borrow and rent cars from friends, spend time attending a court date to defend the charges, and contend with the reputational injury possible from a prosecution.

62. The actions of the DEFENDANT OFFICERS were willful and wanton and were undertaken with malice, willfulness, and reckless indifference and/or conscious disregard of PLAINTIFF's rights.

63. As a direct and proximate result of the malicious prosecution, PLAINTIFF suffered damages including, loss of his liberty, loss of property, loss of income, emotional distress, damage to reputation, and mental anguish and distress.

WHEREFORE PLAINTIFF, PEDRO FELIPE URIBE ALVARADO, demands judgment against DEFENDANT OFFICERS RAUL PEREZ, JR., JOSEPH CRUDO, VINCENT SHELTON, and HUMBERTO ZAMUDIO for compensatory and punitive damages, the costs of this action, and for any other relief this Honorable Court deems equitable and just.

**COUNT IV: 745 ILCS 10/9-102 – INDEMNIFICATION**
**Against DEFENDANT CITY OF BERWYN**
**(State Law Claim)**

64. PLAINTIFF realleges paragraphs 1-43 as though fully set forth herein.

65. Defendant CITY OF BERWYN is the employer of the individual DEFENDANT OFFICERS.

66. DEFENDANT OFFICERS committed the above-alleged acts under color of law and in the scope of their duties and employment as employees of the CITY OF BERWYN.

10

67. In Illinois, public entities are directed to pay for any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities. 745 ILCS 10/9-102.

68. As a direct and proximate cause of DEFENDANT OFFICERS' unlawful acts, which occurred within the scope of their employment activities, PLAINTIFF was damaged, including the deprivation of his liberty, loss of property, loss of income, emotional distress, damage to reputation and mental anguish and distress.

WHEREFORE PLAINTIFF, PEDRO FELIPE URIBE ALVARADO, demands judgment against DEFENDANT CITY OF BERWYN for compensatory and punitive damages, the costs of this action, and for any other relief this Honorable Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

/s/Emma Melton
*One of Plaintiff's Attorneys*

Emma Melton (#6333057)
Daniel Massoglia (#6317393)
First Defense Legal Aid
601 S. California Ave
Chicago IL 60612
p: 773-357-6454
e: emma@first-defense.org
e: daniel@first-defense.org